## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-6324-SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAY ANTHONY RICHITELLI and
HENRY WAINWRIGHT,

    Defendants.
_____/

## **DETENTION ORDER**

    Pursuant to 18 U.S.C. § 3142(f), on September 2, 2009, the Court held a hearing to determine whether Defendants Jay Anthony Richitelli and Henry Wainwright should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably ensure the safety of other persons and the community. Therefore, it is hereby **ORDERED** that Defendants Jay Anthony Richitelli and Henry Wainwright be detained prior to trial and until the conclusion thereof.

    In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. The defendants are charged by complaint with conspiracy to obstruct, delay, or affect commerce or the movement of any article or commodity in commerce, by robbery, carrying and using a firearm, and possession of a firearm after conviction of a felony offense, in violation of 18 U.S.C. §§1951, 924(c), 924(o), and 922(g). Therefore, upon a finding of probable cause that Defendants violated 18 U.S.C. §924(c), a presumption applies that no condition or combination of

conditions will reasonably ensure the appearance of Defendants as required and the safety of the community. 18 U.S.C. §3142(e). Despite this presumption, the United States seeks detention on the basis of danger to the community only.

2. Title 18, United States Code, Section 3142(g)(2), requires the Court to consider the weight of the evidence against the defendant. Here, the weight of the evidence is significant. The government has presented the sworn testimony of Federal Bureau of Investigation Special Agent Dustin Blount.

Agent Blount testified that on August 25, 2009, a Pembroke Pines Police Department detective working a burglary detail was patrolling a neighborhood in an unmarked vehicle in Pembroke Pines, when he noticed what he deemed to be a suspicious Volkswagen sedan. Specifically, the car was parked illegally partially on the sidewalk, and the officer observed the front passenger wearing what appeared to be gloves and dark clothing. When the occupants of the Volkswagen apparently saw the officer's vehicle, they began to drive the sedan away. The officer observed the Volkswagen run a stop sign as it was leaving the neighborhood, and he conducted a traffic stop of the car on Pembroke Road.

Smelling marijuana wafting from the Volkswagen, the officer saw that Defendant Wainwright was the driver, and Co-defendant Niegel Jonathan Smith was sitting in the front passenger seat of the Volkswagen. Defendant Wainwright explained to the officer that he had purchased the car a month earlier. Through record checks, the officer identified Wainwright and Smith as convicted felons. A search of the Volkswagen yielded a loaded Beretta .40-caliber handgun that was under the front passenger seat of the car. The gun was manufactured outside the state of Florida. Wainwright was also carrying a bag of marijuana in his pants pocket.

Wainwright and Smith waived their *Miranda* rights and made statements.  In his statement, Wainwright identified the Beretta found in the Volkswagen as belonging to his friend Defendant Richitelli, although Wainwright claimed not to know how the firearm came to be located in the Volkswagen that he had claimed to have purchased a month earlier.  Wainwright further stated that he was giving Smith a ride, although he did not explain their presence in the neighborhood near the traffic stop.

For his part, in a recorded statement, Smith said the Beretta belonged to Richitelli's girlfriend and that earlier in the day, Richitelli had provided both Smith and Wainwright with the gun to commit an armed robbery of a money courier after the money courier picked up currency from a Sunoco gas station location in Pembroke Pines.  According to Smith, Richitelli advised that the courier was to be in possession of approximately $80,000.00 at that point in his collection route, after stopping at multiple Sunoco gas stations.  Smith implicated Richitelli as the primary organizer and planner of the robbery.  As Smith explained the plan, Smith was to rob the courier, Wainwright was to serve as the get-away driver, and Richitelli was to pick up Smith and Wainwright after they abandoned the courier's car-jacked vehicle.

In addition to giving a statement, Smith agreed to make a consensually recorded telephone call to Richitelli.  During this call, Smith advised Richitelli that he and Wainwright had been arrested, and Wainwright was still in custody.  Smith said words to the effect, "They got your gun," and Richitelli responded, "I know."  Smith further made specific comments regarding the robbery, and Richitelli answered in a manner revealing his knowledge of and involvement in the plot.

Law enforcement then approached Richitelli to question him about the planned robbery.  At the time, Richitelli was found to be in possession of marijuana, which law enforcement officers

observed bulging from his sock. Consequently, law enforcement officers transported Richitelli to the Pembroke Pines Police Department for further questioning.

Richitelli waived his *Miranda* rights and provided a full recorded confession that was consistent with Smith's post-arrest statement regarding the plan to commit an armed robbery of the money courier. In addition, Richitelli admitted to casing the Sunoco gas station, surveilling the money courier at his second-to-last stop, and informing Wainwright and Smith about the type of car that the courier was driving.

Richitelli's girlfriend, Melissa Castillo, also provided law enforcement with a statement. In her statement Castillo stated that she gave Wainwright her gun, the .40-caliber Beretta, earlier that morning to use in an armed robbery that was to take place at a Sunoco gas station in Pembroke Pines. Castillo further admitted that she knew of the armed robbery plot and had witnessed the planning by Richitelli, Smith, and Wainwright.

Based on the facts attested to by Agent Blount, the Court finds the weight of the evidence against Defendants to be signficant.

3. The pertinent history and characteristics of Defendants, of which Sections 3142(g)(3)(A) and (B) require a review, also support pretrial detention. Turning first to Defendant Richitelli, the United States has asserted – and Defendant Richitelli does not contest – that Richitelli has been convicted of the following offenses: robbery with a gun, armed burglary, and kidnaping (1985); assault of person and robbery with a gun (1986); escape (1993); introduction of drugs and a firearm into a prison (1994); aggravated assault on a law enforcement officer and resisting an officer with violence (1994); arson (1994); and racketeering and racketeering conspiracy (1992). Following incarceration, Defendant Ritchitelli was released on October 1, 2007, and he was on probation at the

time of the crime alleged in the instant case.

Defendant Wainwright's criminal history is also significant. The United States proffered without defense objection that Wainwright has been convicted of the following crimes: robbery with a firearm (1985); possession of a firearm by a convicted felon (1990); and armed burglary, robbery with a gun, and possession of a firearm by a convicted felon (1990). Like Richitelli, Wainwright was also recently released from jail, having been freed in May, 2009. Therefore, he is alleged to have committed the crime charged in this case within three months of his most recent release.

4. Both Defendants have lengthy criminal histories that include violent crimes. Additionally, the facts in the pending matter involve a loaded firearm that was supposedly to be used to facilitate an armed robbery. Thus, they have failed to rebut the presumption that they are a danger to the community. Moreover, even in the absence of the presumption, based on the seriousness of the alleged circumstances surrounding the offense conduct in this case and taking into account Defendants' past records, I find, based on clear and convincing evidence, that Defendants constitute a danger to the community. *See* 18 U.S.C. §3142(g)(3) and (4). I further find that there are no conditions or combination of conditions which reasonably will ensure the safety of others person and the community. *See* 18 U.S.C. § 3142(e).

5. Accordingly, the Court hereby directs:

(a) That Defendants be detained without bond and be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That Defendants be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendants are confined deliver Defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 2nd day of September, 2009.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

Copies to:

Counsel of Record
Pretrial Services (FTL)